McGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559)497-4020

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-CR-00173 OWW |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| EARL DEAN McKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

   Based upon the plea agreement entered into between plaintiff United States of America and defendant Earl Dean McKinney, it is hereby

   ORDERED, ADJUDGED AND DECREED as follows:

   1.   Pursuant to 18 U.S.C. § 2253, defendant Earl Dean McKinney's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a.   Gateway computer tower, model GM5260, serial number CLP6B71003202;

   b.   Gateway remote control mouse, model MR0610T, serial number 6I139002658;

///

   c. Gateway remote, serial number RS9200-0134E;

   d. SMK mouse receiver, model AXX0000-3853F;

   e. Gateway mouse receiver, model RR-04384, serial number 6I139002658;

   f. Samsung computer monitor, model 205BW, serial number HA20HVDLA0388IT;

   g. Gateway keyboard, model KR0532, serial number 6I139002658;

   h. Compaq computer tower, model S4220NX, serial number MXK3270QSW;

   i. Compaq Presario Laptop computer, model CM2000, serial number IV98CLR7E154; and

   j. Laptop case containing phone cord, IBM webcam, mouse, and power adapter.

  2. The above-listed property constitutes property containing a visual depiction of a minor engaged in sexually explicit conduct produced, transported, shipped or received in violation of 18 U.S.C. § 2252(a)(2) and/or was used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation, all in violation of 18 U.S.C. § 2253.

  3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the Department of Homeland Security, Customs and Border Protection, in its secure custody and control.

  4. a. Pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(n), and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Hanford Sentinel</u> (Kings County), a newspaper of general circulation located in the county in which the above-listed property was

seized, notice of this Order, notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.

      b.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

      c.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.   If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2253 in which all interests will be addressed.

IT IS SO ORDERED.

**Dated:   August 29, 2008**            **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE